IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELDRA BAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-00179-B (BT) |
| | § | |
| DALLAS COUNTY | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* litigant Keldra Baker is a defendant in at least two ongoing criminal proceedings in Dallas County. *See The State of Texas v. Keldra Baker*, F-23-42247 (Crim. Dist. Ct. 4, Dallas Cnty.); *The State of Texas v. Keldra Baker*, M-23-24387 (Cnty. Crim. Ct. 2, Dallas Cnty.). On January 24, 2024, she filed a document in this Court in which she appears to attack her ongoing criminal proceedings. ECF No. 3 at 2 ("I was told I was being charged for something not true . . . the agg assault cases was [sic] never true."). She also claims that she should have "time served" with respect to any sentence imposed. ECF No.3 at 2. The Court construed Baker's allegations as a petition for federal habeas relief under 28 U.S.C. § 2241. *See*, *e.g*., *Poling v. Dallas County Sheriff*, 2023 WL 9183679, at *1 (N.D. Tex. Dec. 15, 2023), *rec. accepted* 2024 WL 102934 (N.D. Tex. Jan. 9, 2024) ("Challenges raised in a pretrial habeas petition are governed by 28 U.S.C. § 2241.") (citing *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)). However, Baker failed to submit her

claims for habeas relief on the court-approved form. On February 6, 2024, the Court issued a Notice of Deficiency and Order (NOD), requiring her to file an amended § 2241 on the court-approved form by March 4, 2024, and supplying the forms necessary for her to comply. ECF No. 8 at 1-2. The Court warned Baker her failure to comply with the NOD would result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

To date, Baker has not filed an amended § 2241 petition on the court-approved form, moved for an extension of time to comply with the Court's instructions, or otherwise responded to the NOD. Instead, on April 3, she filed another document—again, not on the court-approved form—in which she reiterates her challenges to ongoing criminal proceedings. ECF No. 9. The Court should dismiss this action pursuant to Rule 41(b).

 Rule 41(b) of allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d

168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, Baker's failure to comply with the NOD prevents this case from proceeding. The court-approved form for § 2241 petitions allows the litigant to present his or her claims for relief in an organized and concise manner in accordance with Federal Rule of Civil Procedure 8, which, in turn, allows the Court to meaningfully evaluate those claims. The form is also designed to discover whether the petitioner has cleared procedural hurdles before filing suit, such as exhaustion of available state remedies. Because Baker has failed to file an amended § 2241 petition on the court-approved form, the nature of her complaints and legal theories remains unclear. Nor can the Court discern whether Baker exhausted available state administrative remedies before filing suit.

Given these circumstances, the District Judge should dismiss Baker's case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow court orders unless she files an amended § 2241 petition on the court-approved form within the time to file objections to this recommendation (explained in more detail below) or by some other deadline established by the District Judge.

## Recommendation

The District Judge should dismiss Baker's case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow court orders unless she files an amended § 2241 petition on the court-approved

form within the time to file objections to this recommendation (explained in more detail below) or by some other deadline established by the District Judge.

SO RECOMMENDED April 29, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).